IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATHANIEL HOLYFIELD,

    Petitioner,

v.

ERIC WILLIAMS,

    Respondent.

Case No. 21-CV-00802-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Nathaniel Holyfield (Doc. 1). Holyfield, a former inmate at the Federal Correctional Institution in Greenville, Illinois, within the Southern District of Illinois, argues that his sentence should be reduced in light of *Mathis v. United States*, 579 U.S. 500 (2016).[1] For the following reasons, the petition is denied.

### BACKGROUND

On February 28, 2007, a grand jury in the Northern District of Iowa returned an indictment charging Holyfield with four counts of distributing crack cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 21 U.S.C. §§ 851, 860. *See United States v. Holyfield*, Case No. 2:07-cr-01005-LRR-MAR-1 (N.D. Iowa) at Doc. 2. Before trial, the government filed a criminal information stating that Holyfield was subject to a sentencing

---

[1] Holyfield has since been transferred to FCI Mariana, within the Northern District of Florida. *See* https://www.bop.gov/inmateloc (last visited Dec. 12, 2024). His transfer does not affect this Court's jurisdiction because jurisdiction over a habeas corpus petition is determined when the petition is filed. *Gamboa v. Daniels*, 26 F.4th 410, 414 (7th Cir. 2022); *see also Sanders v. M. Joseph*, 72 F.4th 822, 823 n.1 (7th Cir. 2023) (change in custodian does not affect habeas jurisdiction).

enhancement under 21 U.S.C. § 841(b)(1)(A) based on two prior felony drug convictions under Illinois law. (Doc. 1 at pg. 41-42); *see also* 21 U.S.C. § 851(a) (notice requirements for using prior convictions to enhance sentences). At the time, these prior convictions meant that Holyfield was subject to a mandatory term of life in prison if convicted. *See* 21 U.S.C. § 841(b)(1)(A) (2006). On May 25, 2007, Holyfield pleaded guilty to one count of distributing crack cocaine within 1,000 feet of a school.[2] *United States v. Holyfield*, Case No. 2:07-cr-01005-LRR-MAR-1 (N.D. Iowa), at Doc. 31. On October 10, 2007, the court (Reade, C.J.) sentenced Holyfield to a term of life in prison and 10 years of supervised release. *Id.* at Doc. 45.

On October 16, 2008, Holyfield filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the Northern District of Iowa. *Holyfield v. United States*, No. 2:08-cv-01033-LRR-JSS (N.D. Iowa), at Doc. 1. This motion raised several claims for relief based on ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* On December 20, 2011, the court denied all but one of Holyfield's claims. *Id.* at Doc. 23. The surviving claim alleged that trial counsel failed to file a notice of appeal even though Holyfield had requested it. *Id.* But after an evidentiary hearing, the court denied this claim too and made the following finding:

> [Trial counsel] is telling the truth and . . . the movant never asked [] counsel to file a direct appeal. The movant is not credible in light of the terms of the plea agreement and the appeal waiver. The record clearly establishes that defense counsel discussed the option of filing an appeal with the movant several times after his sentencing and he elected not to appeal so that he could leave open the possibility of obtaining relief under Federal Rule of Criminal Procedure 35(b).

*Id.* at Doc. 30. The court thus denied Holyfield's motion under Section 2255 and denied his

---

[2] The three remaining counts in the indictment were dismissed on the United States' motion. *United States v. Holyfield*, Case No. 2:07-cr-01005-LRR-MAR-1 (N.D. Iowa) at Doc. 45.

request for a certificate of appealability. *Id.* The Eighth Circuit affirmed on May 22, 2012. *Id.* at Doc. 39.

Four years after Holyfield's Section 2255 motion was denied, the Supreme Court decided *Mathis v. United States*, 579 U.S. 500 (2016). In *Mathis*, the Court resolved a Circuit split that had emerged regarding the proper use of what is known as the "categorical approach" to evaluating prior state law convictions as a basis for federal sentencing enhancements. *Id.* at 508-09. Under the categorical approach, the district court "focus[es] solely on whether the elements of the crime of conviction sufficiently match the elements of [the] generic [crime], while ignoring the particular facts of the case." *Id.* at 504. For a state law conviction to qualify as a basis for a sentence enhancement, the crime of conviction must be "the same as, or narrower than, the relevant generic offense."[3] *Id.* at 519. Based on this analytical framework, the Court held that an Iowa burglary statute covered "a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary)" and therefore could not serve as a basis for an enhanced sentence because "its elements are broader than those of a listed generic offense." *Id.* at 509.

Here, Holyfield pleaded guilty to one count of distributing crack cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 851, and 860. *United States v. Holyfield*, Case No. 2:07-cr-01005-LRR-MAR-1 (N.D. Iowa), at Doc. 45. At the time of his sentencing, Section 841(b)(1)(A) stated in relevant part: "If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior

---

[3] *Mathis* applied the categorical approach to a sentence enhancement under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA). Although Holyfield's sentence was enhanced pursuant to a different federal recidivism statute, *Mathis* applies with equal force to such enhancements. *United States v. Elder*, 900 F.3d 491, 497 (7th Cir. 2018).

convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release." 21 U.S.C. § 841(b)(1)(A) (2006). Holyfield claims that *Mathis* invalidates his sentence because the Illinois statutes under which he was convicted in 1999 and 2004 respectively, and which served as the basis for his sentence enhancement, were not qualifying "felony drug offenses" under the categorical approach. (Doc. 1); *see* 720 ILCS § 570/401(d) (1999 offense); 720 ILCS 570/402(c) (2004 offense). This is so, Holyfield argues, because these Illinois statutes cover substances that are not covered under the federal recidivism statute's definition of a prior "felony drug offense," thereby rendering them categorically broader. *See* 21 U.S.C. § 802(44) (defining "felony drug offense"); *United States v. Elder*, 900 F.3d 491, 501-02 (7th Cir. 2018) (Arizona drug statute was categorically broader than generic "felony drug offense"). Thus, so the argument goes, Holyfield's prior Illinois convictions cannot serve as a basis for the enhanced sentence he received.

## DISCUSSION

"To collaterally attack a conviction or sentence, a federal prisoner files a motion to vacate under 28 U.S.C. § 2255, not a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241." *Hogsett v. Lillard*, 72 F.4th 819, 820 (7th Cir. 2023). The procedural history of Holyfield's case presents a problem for him because he previously filed a Section 2255 motion in the Northern District of Iowa. Having done so, Section 2255(h) bars him from filing a second or successive such motion, unless that second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Holyfield's *Mathis* claim is a claim of statutory interpretation; it satisfies neither of Section 2255(h)'s requirements that a second or successive motion be based on "newly discovered evidence" of innocence or a "new rule of constitutional law." 28 U.S.C. § 2255(h); *Horton v. Lovett*, 72 F.4th 825, 826 (7th Cir. 2023). Thus, he is barred from seeking relief under 28 U.S.C. § 2255. *See Hogsett*, 72 F.4th at 821 ("intervening Supreme Court statutory interpretation decisions are outside the ambit of § 2255(h)") (quoting *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022) (cleaned up)).

That is why Holyfield filed the instant petition under 28 U.S.C. § 2241. Until last year, the Section 2241 remedy may have been available to a petitioner in Holyfield's position under 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added). Under what is known as the "saving clause" (the italicized portion above), the Seventh Circuit permitted federal inmates to seek collateral relief in certain circumstances, even if their claims did not qualify for a second or successive motion under Section 2255(h). *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). This avenue was available if the petitioner satisfied the following threshold requirements:

> (1) the claim relies on a statutory interpretation case, not a constitutional case and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.

*Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019) (explaining *Davenport* framework). *Davenport* held that Section 2255 is "inadequate or ineffective"—and Section 2241 relief was thus available—"when the limits on successive § 2255 motions bar relief and the prisoner's claim is based on a new interpretation of a criminal statute that was previously foreclosed by circuit precedent." *Horton*, 72 F.4th at 827. *Mathis* is an example of such a "new interpretation" that allowed habeas petitioners in the Seventh Circuit to file second or successive petitions under 28 U.S.C. 2241 using the *Davenport* framework. *See e.g.*, *Chazen v. Marske*, 938 F.3d 851, 863 (7th Cir. 2019).

But the *Davenport* gateway is now closed. In *Jones v. Hendrix,* the Supreme Court abrogated *Davenport* and held that "[i]n § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed," newly discovered evidence of innocence and a new retroactive rule of constitutional law. 599 U.S. at 477. The Court drew a negative inference from this limitation to find that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty Act]'s restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id.* at 471. The Court explained that:

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. *It means that he cannot bring it at all*.

*Id.* at 480 (emphasis added).

*Jones* is on all fours with this case, and thus bars Holyfield from testing the validity of his sentence under *Mathis*. The Court acknowledges the harshness of this result, considering

Holyfield's mandatory life sentence and the Seventh Circuit's apparent recognition that *Mathis* applies retroactively to cases on collateral review. *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) ("substantive decisions such as *Mathis* presumptively apply retroactively on collateral review"); *Chazen*, 938 F.3d at 864 n.2 (Barrett, J., concurring) ("Statutory interpretations that narrow the range of conduct made criminal are always substantive and therefore retroactive. Because of that rule, a Supreme Court decision narrowing a criminal statute applies retroactively even if the Supreme Court doesn't expressly say so"). The appropriate vehicle for Holyfield to raise a *Mathis*-type argument to collaterally attack his sentence was his Section 2255 petition in 2008 (even though *Mathis* had not yet been decided at that time).

## CONCLUSION

For these reasons, the petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Nathaniel Holyfield (Doc. 1) is **DENIED**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** December 17, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**